**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONALD DEAN JOHNSON, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEQUANS COMMUNICATIONS S.A., GEORGES KARAM, DEBORAH CHOATE, MICHAEL ELIAS, JAMES PATTERSON, DAVID ONG, HUBERT DE PESQIUDOUX, DOMINIQUE PITTELOUD, ALOK SHARMA, ZVI SLONIMSKY, T. CRAIG MILLER, UBS LIMITTED, and JEFFRIES & COMPANY, INC.<br><br>Defendants. | **Case No. 11-cv-06341-PAC** |
| NORMAN C. CAREY, Individually And On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SEQUANS COMMUNICATIONS S.A., GEORGES KARAM, DEBORAH CHOATE, MICHAEL ELIAS, JAMES PATTERSON, DAVID ONG, HUBERT DE PESQIUDOUX, DOMINIQUE PITTELOUD, ALOK SHARMA, ZVI SLONIMSKY, T. CRAIG MILLER, UBS LIMITTED, and JEFFRIES & COMPANY, INC.<br><br>Defendants. | **Case No. 11-cv-07555-UA** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION**
**BY ROBERT CONTRERAS TO CONSOLIDATE THE**
**RELATED ACTIONS, FOR APPOINTMENT AS LEAD**
**PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Robert Contreras ("Contreras") respectfully submits this memorandum in support of his motion for an Order: (1) consolidating all actions filed in the Southern District of New York which are related to above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing Contreras as Lead Plaintiff on behalf of persons or entities who purchased Sequans Communications S.A. ("Sequans" or the "Company") American Depository Shares ("ADS") pursuant and/or traceable to the Company's Registration and Prospectus issued in connection with the Company's initial public offering ("IPO") on or about April 15, 2011, and who purchased the Company's ADS between April 15, 2011 and July 27, 2011, inclusive (the "Class Period"), pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA")[1]; (3) approving Lead Plaintiff's selection of Pomerantz Haudek Grossman & Gross LLP as Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

Contreras believes that he is the "most adequate plaintiff" under the PSLRA to serve as Lead Plaintiff on behalf of investors in this action.  As set forth in more detail below, Contreras has a significant financial interest in the outcome of this litigation, having sustained a loss of $49,170 on his purchases of Sequans securities during the Class Period (as defined herein).  The Certification required by the PSLRA setting forth Contreras's transactions in Sequans is attached hereto as Exhibit B.  A chart reflecting the calculation of Contreras's loss is attached hereto as

---

[1] The Lead Plaintiff provisions of the Exchange Act and the Securities Act are identical.  For the purpose of convenience, all citations to these provisions herein will be to the Exchange Act.

Exhibit C.  At this time, Contreras believes that he is the movant with the largest financial stake in the outcome of this class action.

## FACTUAL BACKGROUND

At least two securities class actions have been filed in the Southern District of New York on behalf of persons or entities who purchased Sequans ADS pursuant and/or traceable to the Company's Registration and Prospectus issued in connection with the Company's initial public offering on or about April 15, 2011, and who purchased the Company's ADS during the Class Period.  They both seek to pursue remedies under the Securities Act and the Exchange Act.

On or about April 14, 2011, the Company announced the pricing of its IPO of ADS, representing 7,700,000 ordinary shares, at a price to the public of $10.00 per ADS, thereby raising $77 million.  In connection with the IPO, 6,666,666 ADS were offered by the Company and 1,033,334 ADS were offered by certain selling shareholders.  In connection with the IPO, the Company filed a Registration Statement with the SEC which provided the Company's financial results for the fiscal years 2006 through 2010, as well as certain financial information for the Company's quarterly periods for fiscal years 2009 and 2010.

In connection with the Company's IPO, the registration statement issued by Defendants failed to disclose that: (1) the Company's revenues from its WiMAX products were declining; (2) the Company was not in a position to generate any meaningful revenues from sales of 4G LTE; (3) the Company's largest customer, HTC, and the industry in general, was focusing more on 4G LTE offerings as opposed to WiMAX offerings, including WiMAX products offered by the Company; (5) the Company, instead of experiencing sales growth during 2011, would experience sales declines during the period; (6) the Company was becoming increasingly dependent upon sales from its largest customer, HTC, and sales from that customer had declined

and would continue to decline; and (7) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On July 28, 2011, Sequans disclosed disappointing financial results for the second quarter ended June 30, 2011. For the quarter, the Company only reported a net profit of $0.1 million, or $0.00 per diluted share/ADS, compared to a net profit of $1.9 million or $0.07 per diluted share/ADS in the first quarter of 2011 and a net profit of $0.6 million or $0.02 per diluted share/ADS in the second quarter of 2010. Moreover, the Company disclosed a disappointing outlook for the third quarter of 2011 where it expects revenue to be in the range of only $25 to $28 million.

As a result of the disclosures, Sequans ADS declined $6.88 or more than 44.5% on July 28, 2011, to close at $8.55.

**ARGUMENT**

**I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED.**

Consolidation of related cases is appropriate where the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008) (Sweet, J.). Here, all of the related actions allege claims relating to the Company's disclosure

3

about the decline in revenues for its WiMAX products.  Accordingly, consolidation of the related actions is appropriate.  *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

## II.    CONTRERAS SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.   15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re UBS Auction Rate Sec. Litig.*, 2008 U.S. Dist. LEXIS 56016 (S.D.N.Y. July 16, 2008).

As set forth below, Contreras satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff to lead the Class, and therefore, should be appointed Lead Plaintiff.

### A.    Contreras Is Willing to Serve as a Class Representative

On September 9, 2011, counsel in the first filed action, styled *Johnson v. Sequans Communications S.A. et al.*, Case No. 11-cv-6341-PAC, caused a notice ("Notice") to be published over *Business Wire* pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised putative class members that they had until November 8, 2011, to file a motion to be appointed as Lead Plaintiff.  *See* Notice attached hereto as Exhibit A.

Contreras has filed the instant motion pursuant to the Notice, and has attached a Certification attesting that he is willing to serve as a class representative for the Class, and is willing to provide testimony at deposition and trial, if necessary.  *See* Certification attached hereto as Exhibit B.  Accordingly, Contreras satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    Contreras Has The "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii); *Davidson v. E*Trade Fin. Corp.*, 2008 U.S. Dist. LEXIS 61265 (S.D.N.Y. July 16, 2008); *In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997).

Contreras believes that he has the largest financial interest of any of the movants with regard to the relief sought by the Class.  Contreras purchased (1) 16,852 shares of Sequans shares; (2) expended $250,800 for his purchases of Sequans shares; (3) retained 5,600 Sequans shares at the end of the Class Period; and (4) suffered a loss of $49,170 as a result of the disclosure of the fraud.  *See* Chart attached hereto as Exhibit C.  Because Contreras possesses the

largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merch. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *7-*8 (N.D. Ill. Aug. 6, 1997).

**C.    Contreras Satisfies the Requirements of
`Rule 23 of the Federal Rules of Civil Procedure.**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996).  Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *Olsten*, 3 F. Supp. 2d at 296.

Contreras fulfills all of the requirements of Rule 23. Contreras shares substantially similar questions of law and fact with the members of the Class, and his claims are typical of the members of the class. Contreras, as did all of the members of the Class, purchased Sequans securities at prices artificially inflated, maintained, or stabilized by Defendants' misrepresentations and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Contreras and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reason to grant Contreras's motion to serve as Lead Plaintiff of the Class.

### D.      Contreras Would Fairly and Adequately Represents the Interests of the Class and Is Not Subject to Unique Defenses.

The presumption in favor of appointing Contreras as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Contreras's ability and desire to fairly and adequately represent the Class have been discussed above. Contreras is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class. Accordingly, Contreras should be appointed Lead Plaintiff for the Class.

### III.     LEAD PLAINTIFF'S SELECTION OF <u>COUNSEL SHOULD BE APPROVED</u>.

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Contreras has selected the Pomerantz law firm as Lead Counsel.  The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume.  *See* Pomerantz Resume attached hereto as Exhibit D.  As a result of the firm's extensive experience in litigation involving issues similar to those raised in this action, Contreras's counsel has the skill and knowledge which will enable it to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving Contreras's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Contreras respectfully requests the Court to issue an Order (a) consolidating the related actions; (b) appointing Contreras as Lead Plaintiff for the Class; (c) approving the Pomerantz firm as Lead Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated:   November 8, 2011
            New York, New York

Respectfully submitted,

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**

/s/ Marc I. Gross
Marc I. Gross
Jeremy A. Lieberman
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:     (312) 377-1181
Facsimile:      (312) 377-1184

***Attorneys for Robert Contreras***