UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
DONALD DEAN JOHNSON,                                           :   Civil Action No. 1:11-cv-06341-PAC
                                                               :
                Plaintiff,                     :
                                                               :
vs.                                                            :
                                                               :
SEQUANS COMMUNICATIONS S.A., DR.                               :
GEORGES KARAM, DEBORAH CHOATE,                                 :
MICHAEL ELIAS, JAMES PATTERSON,                                :
DAVID ONG, HUBERT DE PESQUIDOUX,                               :
DOMINIQUE PITTELOUD, ALOK                                      :
SHARMA, ZVI SLONIMSKY, T. CRAIG                                :
MILLER, UBS LIMITED, and JEFFERIES &                           :
COMPANY, INC.,                                                 :
                                                               :
                Defendants.                    :
---------------------------------------------------------------x

NORMAN C. CAREY, Individually and On                           :   Civil Action No. 1:11-cv-07555-PAC
Behalf of All Others Similarly Situated,                       :
                                                               :
                Plaintiff,                     :
                                                               :
vs.                                                            :
                                                               :
SEQUANS COMMUNICATIONS S.A.,                                   :
GEORGES KARAM, DEBORAH CHOATE,                                 :
MICHAEL ELIAS, JAMES PATTERSON,                                :
DAVID ONG, HUBERT DE PESQUIDOUX,                               :
DOMINIQUE PITTELOUD, ALOK                                      :
SHARMA, ZVI SLONIMSKY, T. CRAIG                                :
MILLER, UBS LIMITED, and JEFFERIES &                           :
COMPANY, INC.,                                                 :
                                                               :
                Defendants.                    :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF NANCY WOLFF'S MOTION FOR
CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD
PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court are two securities class actions (the "Actions") brought on behalf of all those who purchased the American Depositary Shares ("ADSs") of Sequans Communications S.A. ("Sequans" or the "Company") pursuant and/or traceable to the Company's Initial Public Offering commencing on or about April 15, 2011 (the "IPO") and on behalf of purchasers of the Company's ADSs between April 15, 2011 and July 27, 2011, inclusive (the "Class Period"). The complaint charges Sequans, certain of its officers and directors, and its co-lead underwriters with violations of the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Class member Nancy Wolff hereby moves this Court for an order: (i) consolidating the related actions; (ii) appointing her to serve as Lead Plaintiff in the Actions under the PSLRA; and (iii) approving her selection of the law firms of Dyer & Berens LLP and Holzer Holzer & Fistel, LLC to serve as Co-Lead Counsel and the law firm of Lowey Dannenberg Cohen & Hart, P.C. to serve as Local Counsel.

This motion is made on the grounds that Ms. Wolff is the most adequate plaintiff, as defined by the PSLRA. Ms. Wolff suffered losses exceeding $137,500 in connection with her purchases of Sequans ADSs pursuant and/or traceable to the IPO and during the Class Period. *See* Berens Decl., Ex. B[1]. In addition, Ms. Wolff, for the purposes of this motion, adequately satisfies the requirements of Rule 23 in that her claims are typical of

---

[1] References to the "Berens Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Jeffrey A. Berens, dated November 8, 2011.

1

the claims of the putative Class and that she will fairly and adequately represent the interests of the Class.

## II.   FACTUAL BACKGROUND

Sequans is a designer, developer and supplier of 4G semiconductor solutions for wireless broadband. The 4G market consists of two primary technologies, WiMAX and 4G LTE.  At the time of its IPO, the Company derived substantially all of its revenues from sales to the WiMAX segment of the 4G market.  On or about April 14, 2011, the Prospectus with respect to the IPO, which forms part of the Registration Statement, became effective and 7.7 million Sequans ADSs were sold to the public at $10 share.

According to the complaint, defendants issued materially false and misleading statements regarding the Company's business and prospects.  Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) revenues from the Company's WiMAX products were declining; (b) the Company was not in position to generate any meaningful revenues from sales of 4G LTE products until late 2012; (c) the Company's largest customer, HTC, and the industry in general, was focusing more on 4G LTE offerings as opposed to WiMAX offerings, including WiMAX products offered by the Company; (d) the Company would not experience sales growth during 2011 and in fact would experience sales declines during that period; (e) the Company was becoming increasingly more dependent upon sales from its largest customer, HTC, and sales from that customer had declined and would continue to decline; and (f) as a result of the foregoing, defendants' positive statements about the Company were lacking in a reasonable basis of fact and were materially false and misleading when made.

On July 28, 2011, barely 3 months after the IPO, Sequans announced financial results for 2Q11, the period ended June 30, 2011, and reported net profit of $0.1 million,

or $0.00 per diluted ADS, compared to a net profit of $1.9 million, or $0.07 per ADS, in 1Q11 and a net profit of $0.6 million, or $0.02 per ADS, in 2Q10.

At the time of the filing of the complaint, Sequans ADSs were trading down more than 40% from the Offering price, just months earlier, in the range of between $5.50 and $6.00 per share.

### III. ARGUMENT

#### A. The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. §77z(a)(3)(B)(ii) and 15 U.S.C. § 78u-4(a)(3)(B)(ii); *Richman v. Goldman Sachs Group, Inc.*, 274 F.R.D. 473, 475 (S.D.N.Y. 2011). To date, Ms. Wolff is aware of the two above-captioned, related Actions in this district against defendants. Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact. *See id.* These Actions are based upon the same alleged misconduct, name the same defendants, allege the same class period and assert the same claims. Consolidation is therefore appropriate. *See Richman*, 274 F.R.D. at 475.

#### B. Wolff Should Be Appointed Lead Plaintiff

##### 1. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act and/or Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil

Procedure." 15 U.S.C. § 77z-1(a)(1) and (a)(3)(B)(i); 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i).

*First*, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 77z-1(a)(3)(A)(i); 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice regarding the pendency of the Actions was published on *BusinessWire*, a national, business-oriented newswire service, on September 9, 2011. *See* Berens Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. § 77z-1(a)(3)(A) & (B); 15 U.S.C. § 78u-4(a)(3)(A) & (B).

*Second*, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

4

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Richman*, 274 F.R.D. at 475.

        2.     **Wolff Satisfies the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act**

            a.     **Wolff Has Complied With the PSLRA and Should Be Appointed Lead Plaintiff**

According to the published notice, the time period in which class members may move to be appointed lead plaintiff herein under the PSLRA expires on November 8, 2011. *See* 15 U.S.C. § 77z-1(a)(3)(A) & (B); 15 U.S.C. § 78u-4(a)(3)(A) & (B). Pursuant to the provisions of the PSLRA and within the requisite timeframe after publication of the required notice (published on September 9, 2011), Ms. Wolff timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Ms. Wolff has duly signed and filed a certification stating that she is willing to serve as a representative party on behalf of the class. *See* Berens Decl., Ex. C. In addition, Ms. Wolff has selected and retained competent counsel to represent the class. *See* Berens Decl., Exs. D & E. Accordingly, Ms. Wolff has satisfied the individual requirements of the PSLRA and is entitled to have her application for appointment as Lead Plaintiff considered and approved by the Court.

            b.     **Wolff Has the Requisite Financial Interest in the Relief Sought By the Class**

As evidenced by the accompanying signed certification and loss chart, Ms. Wolff purchased Sequans ADSs pursuant to the IPO and during the Class Period and was injured thereby. *See* Berens Decl., Exs. B & C. In fact, Ms. Wolff incurred a substantial loss in excess of $137,500. *See* Berens Decl., Ex. B; *Richman*, 274 F.R.D. at 475-77

(considering "*Lax* factors"). Ms. Wolff, thus, has a significant financial interest in the Actions. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B).

### c. Wolff Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-4(a)(3)(B); *Richman*, 274 F.R.D. at 479. Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two—typicality and adequacy—directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 11, 1997).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986);

6

*Richman*, 274 F.R.D. at 479. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. Labranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.") (quoting *In re Prudential Secs., Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 208 (S.D.N.Y. 1995)).

Ms. Wolff satisfies this requirement because, just like all other class members, she: (1) purchased Sequans ADSs pursuant and/or traceable to the IPO and during the Class Period; (2) was adversely affected by the defendants' false and misleading statements; and (3) suffered damages thereby. Thus, Ms. Wolff's claims are typical of those of other class members since her claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs this Court to limit its inquiry regarding the adequacy of Ms. Wolff to represent the class to the existence of any conflicts between her interests and the interests of the members of the class. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa) and (bb); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) and (bb). Adequacy of representation is met if: "(1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Richman*,

7

274 F.R.D. at 479 (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998) (citations omitted)).

Here, as shown below, Ms. Wolff's proposed Co-Lead and Local Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Ms. Wolff is also an adequate representative of the class because her interests in the Actions are clearly aligned with those of the members of the class, and there is no evidence of any antagonism between the Ms. Wolff's interests and those of the other members of the class. Finally, Ms. Wolff who personally lost more than $137,500 on her Sequans shares, has a sufficient interest in the outcome to ensure vigorous advocacy. Accordingly, Ms. Wolff *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for purposes of this motion.

### C. The Court Should Approve Ms. Wolff's Choice of Counsel

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). Here, Ms. Wolff has selected Dyer & Berens LLP and Holzer Holzer & Fistel, LLC to serve as Co-Lead Counsel and Lowey Dannenberg Cohen & Hart, P.C. to serve as Local Counsel. All firms have substantial experience in the prosecution of shareholder and securities class actions. *See, e.g., MHC Mut. Conversion Fund, L.P. v. United Western Bancorp, Inc., et al.*, No. 11-cv-00624-WYD-MJW (D. Colo. June 16, 2011) (appointing Dyer & Berens as Lead Counsel); *Yu v. State Street Corp., et al.*, No. 1:08-cv-08235-RJH (S.D.N.Y. Jan. 15, 2009) (appointing Dyer & Berens as Co-Lead Counsel); *Sgalambo v.*

*McKenzie, et al.*, No. 09 Civ. 10087 (SAS) (S.D.N.Y. Mar. 29, 2010) (appointing Holzer Holzer & Fistel as Co-Lead Counsel); *see also* Berens Decl., Exs. D & E (firm resumes). Accordingly, the Court should approve Ms. Wolff's selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Ms. Wolff respectfully requests that the Court: (i) consolidate the related Actions; (ii) appoint her to serve as Lead Plaintiff in the consolidated Actions; and (ii) approve her selection of Co-Lead and Local Counsel, as set forth herein.

DATED:  November 8, 2011

LOWEY DANNENBERG COHEN & HART, P.C.

*/s/ Barbara J. Hart*
BARBARA J. HART

DAVID C. HARRISON
One North Broadway, Suite 509
White Plains, NY  10601-2310
Telephone: 914/997-0500
914/997-0035 (fax)
Email: bhart@lowey.com
          dharrison@lowey.com

*Proposed Local Counsel*

DYER & BERENS LLP
JEFFREY A. BERENS
303 East 17th Avenue, Suite 300
Denver, Colorado 80203
Telephone:  303/861-1764
303/395-0393 (fax)
Email: jeff@dyerberens.com

        HOLZER HOLZER & FISTEL LLC
        MICHAEL I. FISTEL, JR.
        MARSHALL DEES
        200 Ashford Center North, Suite 300
        Atlanta, GA 30338
        Telephone: 770/392-0090
        770/392-0029 (fax)
        Email: mfistel@holzerlaw.com
        Email: mdees@holzerlaw.com

*Proposed Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 8, 2011.

*/s/ Barbara J. Hart*
BARBARA J. HART