UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD DEAN JOHNSON, | Civil Action No. 1:11-cv-06341-PAC |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| SEQUANS COMMUNICATIONS S.A., et al., | |
| Defendants. | |
| NORMAN C. CAREY, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:11-cv-07555-PAC |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | |
| SEQUANS COMMUNICATIONS S.A., et al., | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF JOSEPH C. RAINES, VENUGOPAL NALAKONDA AND DAVE AUYEUNG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**I.      PRELIMINARY STATEMENT**

Presently pending before this Court are at least two-related securities class action lawsuits (the "Actions"), brought on behalf of all persons who purchased the American Depositary Shares ("ADSs") of Sequans Communications S.A. ("Sequans" or the "Company") pursuant and/or traceable to the Company's initial public offering on or about April 15, 2011 (the "IPO" or "Offering"), as well as purchasers of the Company's ADSs between April 15, 2011 and July 27, 2011, inclusive (the "Class Period").  The Actions allege violations of Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act") and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §§77z-1 and 78u-4, *et seq*.) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class members Joseph C. Raines ("Raines"), Venugopal Nalakonda ("Nalakonda") and Dave Auyeung ("Auyeung") hereby move this Court for an Order to: (i) consolidate the Actions; (ii) appoint Raines, Nalakonda and Auyeung as Lead Plaintiffs in the Actions pursuant to 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B); and (iii) approve Raines, Nalakonda and Auyeung's selection of the law firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel pursuant to 15 U.S.C. §§77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v).

This motion is made on the grounds that Raines, Nalakonda and Auyeung are the most adequate plaintiffs, as defined by the PSLRA.  Raines, Nalakonda and Auyeung suffered collective losses of $286,254.83 in connection with their purchases of Sequans ADSs  during the Class Period.  *See* Rosenfeld Decl., Ex. B.[1]  In addition, Raines, Nalakonda and Auyeung, for the purposes of this

---

[1]      References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated November 8, 2011 and submitted herewith.

- 1 -

motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.[2]

## II.    FACTUAL BACKGROUND[3]

Sequans is a designer, developer and supplier of 4G semiconductor solutions for wireless broadband. The 4G market consists of two primary technologies, WiMAX and 4G LTE. At the time of the IPO, the Company derived substantially all of its revenues from sales to the WiMAX segment of the 4G market.

The complaint charges Sequans and certain of its officers and directors with violations of the Securities Act and the Exchange Act. The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and prospects. Specifically, defendants misrepresented and/or failed to disclose the following adverse facts: (a) revenues from the Company's WiMAX products were declining; (b) the Company was not in position to generate any meaningful revenues from sales of 4G LTE products until late 2012; (c) the Company's largest customer, HTC, and the industry in general, was focusing more on 4G LTE offerings as opposed to WiMAX offerings, including WiMAX products offered by the Company; (d) the Company would not experience sales growth during 2011 and in fact would experience sales declines during that period; (e) the Company was becoming increasingly more

---

[2]    In addition to providing sworn certifications attesting that they understand their responsibilities as Lead Plaintiffs, Raines, Nalakonda and Auyeung have submitted a joint declaration in support of their motion which provides details regarding their commitment to vigorously prosecute this litigation on behalf of the class. *See* Rosenfeld Decl., Ex. E.

[3]    These facts are drawn from the allegations in the action entitled *Donald Dean Johnson v. Sequans Communications S.A.., et al.*, No. 1:11-cv-06341-PAC (the "*Johnson* Action").

dependent upon sales from its largest customer, HTC, and sales from that customer had declined and would continue to decline; and (f) as a result of the foregoing, defendants' positive statements about the Company were lacking in a reasonable basis of fact and were materially false and misleading when made.

On July 28, 2011, before the market opened, Sequans announced its financial results for the second quarter of 2011, the period ended June 30, 2011.  The Company reported net profit of $0.1 million, or $0.00 per diluted ADS, compared to a net profit of $1.9 million, or $0.07 per ADS, in the first quarter of 2011 and a net profit of $0.6 million, or $0.02 per ADS, in the second quarter of 2010.  Moreover, Defendants provided a negative outlook for the third quarter of 2011 due to the "more cautious order patterns" the Company's customers were having toward its WiMAX/LTE products.

At the time of the filing of the complaint, Sequans ADSs were trading in the range of $5.50-$6.00 per share.

### III.   ARGUMENT

#### A.   The Actions Should Be Consolidated for All Purposes

The Actions each assert class claims on behalf of the purchasers of Sequans ADSs for alleged violations of the Securities Act and the Exchange Act during similar time periods.  The Actions name the same defendants and involve the same factual and legal issues.  They are each brought by investors who purchased Sequans ADSs during the Class Period in reliance on the integrity of the market for such securities and were injured by the fraud on the market that was perpetrated through the issuance of materially false and misleading statements and concealment of material information, thus artificially inflating the prices of Sequans ADSs at all relevant times.  Consolidation is appropriate where there are actions involving common questions of law or fact.  *See* Fed. R. Civ. P.

42 (a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). That test is met here and, accordingly, the Actions should be consolidated.

### B. Raines, Nalakonda and Auyeung Should Be Appointed Lead Plaintiffs

#### 1. The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act/Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §§77z-1(a)(1) and (a)(3)(B)(i); 78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §§77z-1(a)(3)(A)(i) and 78u-4(a)(3)(A)(i). Plaintiff in the *Johnson* Action caused notice regarding the pendency of the Actions to be published on *Business Wire*, a national, business oriented newswire service, on September 9, 2011. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§77z-1(a)(3)(A) and (B); 78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice. . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §§77z-1(a)(3)(B)(iii) and 78u-4(a)(3)(B)(iii). *See Foley v. Transocean*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

### 2. Raines, Nalakonda and Auyeung Satisfy the "Lead Plaintiff" Requirements of the Securities Act and the Exchange Act

#### a. Raines, Nalakonda and Auyeung Have Complied with the Securities Act and the Exchange Act and Should Be Appointed Lead Plaintiffs

The time period in which class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §§77z-1(a)(3)(A) and (B); 78u-4(a)(3)(A) and (B) expires on November 8, 2011. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on September 9, 2011, Raines, Nalakonda and Auyeung timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

Raines, Nalakonda and Auyeung have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. *See* Rosenfeld Decl., Ex. C. In addition, Raines, Nalakonda and Auyeung have selected and retained competent counsel to represent themselves and the class. *See* Rosenfeld Decl., Ex. D. Accordingly, Raines, Nalakonda and Auyeung have satisfied the individual requirements of 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. Raines, Nalakonda and Auyeung Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, their signed certifications, Raines, Nalakonda and Auyeung incurred substantial collective losses of $286,254.83 on their transactions in Sequans ADSs. *See* Rosenfeld Decl., Ex. B. Raines, Nalakonda and Auyeung thus have a significant financial interest in this case. Therefore, Raines, Nalakonda and Auyeung satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in the Actions and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B).

### 3. Raines, Nalakonda and Auyeung Otherwise Satisfy Rule 23

According to 15 U.S.C. §§77z-1(a)(3)(B) and 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'" *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted). Raines, Nalakonda and Auyeung satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact."). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 20, 2004).

Raines, Nalakonda and Auyeung satisfy this requirement because, just like all other class members, they: (1) purchased Sequans ADSs during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, Raines, Nalakonda and Auyeung's claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Raines, Nalakonda and Auyeung to represent the class to the existence of any conflicts between the interests of Raines, Nalakonda and Auyeung and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to

conduct the litigation.  *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Raines, Nalakonda and Auyeung are adequate representatives of the class.  As evidenced by the injuries suffered by Raines, Nalakonda and Auyeung and the class, the interests of Raines, Nalakonda and Auyeung are clearly aligned with the members of the class, and there is no evidence of any antagonism between Raines, Nalakonda and Auyeung's interests and those of the other members of the class.  Further, Raines, Nalakonda and Auyeung have taken significant steps that demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Raines, Nalakonda and Auyeung's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Raines, Nalakonda and Auyeung *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### C. The Court Should Approve Raines, Nalakonda and Auyeung's Choice of Counsel

Pursuant to 15 U.S.C. §§77z-1(a)(3)(B)(v) and 78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Raines, Nalakonda and Auyeung have selected the law firm of Robbins Geller as Lead Counsel.  Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest recovery ever obtained in a shareholder class action.  *See* Rosenfeld Decl., Ex. D.  Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country.  It is not surprising that Defendants have not argued that counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities. . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006). Moreover, Robbins Geller attorneys have served as lead counsel in hundreds of securities cases and have recovered over $45 billion for defrauded shareholders. These representations have resulted in: (i) the largest stock option backdating recovery: *UnitedHealth*, $925 million; (ii) the largest opt-out (non-class) securities litigation recovery: *WorldCom*, $651 million; and (iii) the largest merger and acquisition class action recovery: *Kinder Morgan*, $200 million.

Accordingly, the Court should approve Raines, Nalakonda and Auyeung's selection of Lead Counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Raines, Nalakonda and Auyeung respectfully request that the Court: (i) consolidate the Actions; (ii) appoint Raines, Nalakonda and Auyeung as Lead Plaintiffs in the Actions; (ii) approve their selection of Lead Counsel as set forth herein; and (iv) grant such other relief as the Court may deem just and proper.

DATED:  November 8, 2011                    ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            SAMUEL H. RUDMAN
                                            DAVID A. ROSENFELD
                                            EVAN J. KAUFMAN


                                                    */s/ David A. Rosenfeld*
                                            DAVID A. ROSENFELD

                                            58 South Service Road, Suite 200
                                            Melville, NY  11747
                                            Telephone:  631/367-7100
                                            631/367-1173 (fax)
                                            srudman@rgrdlaw.com
                                            drosenfeld@rgrdlaw.com
                                            ekaufman@rgrdlaw.com

                                            [Proposed] Lead Counsel for Plaintiffs