UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DONALD DEAN JOHNSON, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br>  v.<br><br>SEQUANS COMMUNICATIONS S.A., DR. GEORGES KARAM, DEBORAH CHOATE, MICHAEL ELIAS, JAMES PATTERSON, DAVID ONG, HUBERT DE PESQUIDOUX, DOMINIQUE PITTELOUD, ALOK SHARMA, ZVI SLONIMSKY, T. CRAIG MILLER, UBS LIMITED, and JEFFERIES & COMPANY, INC.,<br><br>       Defendants. | Civil Action No. 1:11-cv-06341-PAC |
| NORMAN C. CAREY, Individually and on Behalf of All Others Similarly Situated,<br>       Plaintiff,<br>  v.<br><br>SEQUANS COMMUNICATIONS S.A., DR. GEORGES KARAM, DEBORAH CHOATE, MICHAEL ELIAS, JAMES PATTERSON, DAVID ONG, HUBERT DE PESQUIDOUX, DOMINIQUE PITTELOUD, ALOK SHARMA, ZVI SLONIMSKY, T. CRAIG MILLER, UBS LIMITED, and JEFFERIES & COMPANY, INC.,<br><br>       Defendants. | Civil Action No. 1:11-cv-07555-PAC |

**MEMORANDUM IN SUPPORT OF THE MOTION OF THE SEQUANS INVESTOR GROUP TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF; AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………………1

PROCEDURAL BACKGROUND…………………………………………………………………2

STATEMENT OF FACTS…………………………………………………………………………3

ARGUMENT………………………………………………………………………………………4

I.        THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS……………….4

II.       THE SEQUANS INVESTOR GROUP SHOULD BE APPOINTED
           LEAD PLAINTIFF …………………………………………………………………....5

           A.      The Procedural Requirements Pursuant To The PSLRA…………………………5

           B.      The Sequans Investor Group Is "The Most Adequate
                Plaintiff"…………...............................................................................................6

                1.      The Sequans Investor Group Has Complied With The
                      PSLRA And Should Be Appointed Lead Plaintiff………………….....…6

                2.      The Sequans Investor Group Has The Largest Financial
                      Interest………………………………………………………………….8

                3.      The Sequans Investor Group Satisfies the Requirements Of Rule
                      23……………………………………………………………………….8

                    i.    The Sequans Investor Group's Claims Are Typical Of The Claims
                         Of All The Class Members……………………………………..............9

                    ii.  The Sequans Investor Group Will Adequately Represent
                         The Class……………………………………………………….......9

III.     THE COURT SHOULD APPROVE THE SEQUANS INVESTOR GROUP'S
           CHOICE OF LEAD COUNSEL …………………………………………………….11

CONCLUSION…………………………………………………………………………………12

**PRELIMINARY STATEMENT**

The Sequans Investor Group (or "Movants"),[1] a small, cohesive group of two members, submits this memorandum in support of its motion: (1) to consolidate, pursuant to Fed. R. Civ. P. 42, the related securities fraud class actions filed against Sequans Communications S.A. ("Sequans" or "Company") and other defendants (collectively, "Defendants) between April 15, 2011 and July 27, 2011,[2] inclusive (the "Class Period") for violations of the Securities Exchange Act of 1934 ("Exchange Act") and on behalf of all persons who purchased the American Depositary Shares ("ADSs") of Sequans pursuant and/or traceable to the Company's initial public offering on or about April 15, 2011 ("IPO" or "Offering") seeking to pursue remedies under the Securities Act of 1933 ("Securities Act"); (2) to be appointed Lead Plaintiff in these Actions pursuant to Section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. §78u-4(a)(3)(B) and Section 27(a)(3)(B) of the Securities Act, 15 U.S.C. §77z-1(a)(3)(B), as amended by Section 101 of the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (3) for approval of its selection of the law firm of Brower Piven, A Professional Corporation ("Brower Piven"), as Lead Counsel for the Class.

As described in the Schedule of Transactions and Losses for the Sequans Investor Group attached to the Brower Decl., at Exhibit B, the Group has suffered losses of approximately $249,106.53 as a result of its members' investments in the Company during the Class Period. To

---

[1] The Sequans Investor Group is compromised of Scott M. Callan and Gwendolyn January. Though Movants move together as a group, alternatively, each agrees to have the Court consider their losses individually and appoint any of them, individually, should the Court so desire. *See* Declaration Of David A.P. Brower In Support Of The Motion Of The Sequans Investor Group To Consolidate Related Actions; To Be Appointed Lead Plaintiff; And To Approve Proposed Lead Plaintiff's Choice of Counsel ("Brower Decl."), Exhibit A.

[2] The related securities fraud class actions in this Court include the following cases: *Johnson v. Sequans Commc'ns S.A., et al.*, No. 1:11-cv-06341-PAC (S.D.N.Y.; filed on Sept. 9, 2011) ("*Johnson*"); and *Carey v. Sequans Commc'ns S.A., et al.*, No. 1:11-cv-07555-PAC (S.D.N.Y.; filed on Oct. 25, 2011) ("*Carey*") (collectively, the "Action(s)").

the best of its knowledge, the Sequans Group sustained the largest loss of any investor seeking to be appointed Lead Plaintiff.

In addition to demonstrating the largest financial interest in the outcome of this litigation, the Sequans Investor Group's members' Certifications evidence their intent to serve as Lead Plaintiff in this litigation, including their cognizance of the duties of serving in that role.[3]  The members of the Sequans Investor Group fully understand their duties and responsibilities to the Class, and are willing and able to oversee the vigorous prosecution of these Actions.  As provided in the individual Declarations of the members of the Sequans Investor Group, the Group members have conferred with each other, are aware of their responsibilities for serving as Lead Plaintiff in these Actions, and have agreed to coordinate their efforts throughout the course of this litigation.  *See* Brower Decl., Exhibit C.  Moreover, the members of the Sequans Investor Group satisfy both the applicable requirements of the PSLRA and Fed. R. Civ. P. 23 ("Rule 23"), and the Group is presumptively the "most adequate plaintiff."

## PROCEDURAL BACKGROUND

Two related cases alleging substantially identical claims for identical classes of purchasers of the Company's securities are pending in this Court.  The first of these Actions, the *Johnson* Action, was filed on September 9, 2011.  Thereafter, one additional Action, the *Carey* Action, was filed in this Court alleging the same or similar claims.

Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i) and 15 U.S.C. §77z-1(a)(3)(A)(i), on September 9, 2011, the first notice that a class action had been initiated against Defendants was published on *Business Wire*, a widely-circulated national business-oriented wire service, advising members

---

[3] The PSLRA authorizes any member or group of members of the putative Class seeking to be appointed Lead Plaintiff to either file a complaint or move for appointment as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); 15 U.S.C. §77z-1(a)(3)(B)(iii).  Copies of the Sequans Investor Group's members' Certifications are attached as Exhibit A to the Brower Declaration.

2

of the proposed Class of their right to move the Court to serve as Lead Plaintiff no later than 60 days from the notice (November 8, 2011).  *See* Brower Decl., Exhibit D.

The members of the Sequans Investor Group are members of the Class (*see* Brower Decl., Exhibit A) and they have timely moved within the 60 day period following publication of the September 9, 2011 notice as required for appointment as Lead Plaintiff under the PSLRA.

## STATEMENT OF FACTS[4]

The Company is a designer, developer and supplier of 4G semiconductor solutions for wireless broadband.  The 4G market consists of two primary technologies, WiMAX and 4G LTE.  At the time of the IPO, the Company derived substantially all of its revenues from sales to the WiMAX segment of the 4G market.

On or about April 14, 2011, the Prospectus with respect to the IPO, which forms part of the Registration Statement, became effective and 7.7 million shares of Sequans ADSs were sold to the public at $10 per ADS.  The Actions allege that during the Class Period, Defendants issued materially false and misleading statements regarding the Company's business and prospects.  Specifically, Defendants misrepresented and/or failed to disclose the following adverse facts: (a) revenues from the Company's WiMAX products were declining; (b) the Company was not in position to generate any meaningful revenues from sales of 4G LTE products until late 2012; (c) the Company's largest customer, HTC, and the industry in general, was focusing more on 4G LTE offerings as opposed to WiMAX offerings, including WiMAX products offered by the Company; (d) the Company would not experience sales growth during 2011 and in fact would experience sales declines during that period; (e) the Company was becoming increasingly more dependent upon sales from its largest customer, HTC, and sales from that customer had declined

---

[4] This Statement of Facts is taken from the allegations stated in the *Johnson* Complaint.

and would continue to decline; and (f) as a result of the foregoing, Defendants' positive statements about the Company were lacking in a reasonable basis of fact and were materially false and misleading when made.

On July 28, 2011, before the market opened, Sequans announced financial results for the second quarter of 2011, the period ended June 30, 2011, and reported net profit of $0.1 million, or $0.00 per diluted ADS, compared to a net profit of $1.9 million, or $0.07 per ADS, in the first quarter of 2011 and a net profit of $0.6 million, or $0.02 per ADS, in the second quarter of 2010. As of September 9, 2011, Sequans ADSs were trading in the range of $5.50-$6.00 per share.

## ARGUMENT

### I.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. Both the Federal Rules of Civil Procedure (*see* FED. R. CIV. P. 42(a))[5] and the PSLRA provide for consolidation of related actions brought under the federal securities laws. Section 21D(a)(3)(B)(iii) of the Exchange Act and Section 27(a)(3)(B)(iii) of the Securities Act address the issue of consolidation of related securities actions:

> If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not make the determination [of appointment of lead plaintiff] until after the decision on the motion to consolidate is rendered . . . .

*See* 15 U.S.C. §78u-4(a)(3)(B)(ii); 15 U.S.C. §77z-1(a)(3)(B)(ii).

The related Actions are suited for consolidation. The class action complaints are all brought by purchasers of Sequans ADSs against the same Defendants. The complaints allege

---

[5] *See* Fed. R. Civ. P. 42(a): "Consolidation. If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions."

4

identical "class periods" and contain similar allegations charging Defendants with making false and misleading statements, and omitting material information concerning the Company's business and prospects during the Class Period.  While district courts have significant discretion in determining the propriety of consolidation, they have recognized that consolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and/or reports.  *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006) (citation omitted); *see also Weltz v. Lee*, 199 F.R.D. 129, 131 (S.D.N.Y. 2001).  Differences between particular defendants, damages, and/or class periods do *not* defeat the appropriateness of consolidation for federal securities cases based upon the same underlying facts.  *Malasky v. IAC/InteractiveCorp*, No. 04-7447, 2004 U.S. Dist. LEXIS 25832, at *6 (S.D.N.Y. Dec. 21, 2004).  Therefore, this Court should consolidate the related Actions.

## II.   THE SEQUANS INVESTOR GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a strict, detailed procedure for the selection of the Lead Plaintiff to oversee a securities class action.  *See* 15 U.S.C. §78u-4(a)(3); 15 U.S.C. §77z-1(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the proposed class informing class members of their right to file a motion for appointment as Lead Plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)(i); 15 U.S.C. §77z-1(a)(3)(A)(i).  Plaintiff in the first-filed *Johnson* Action published a notice on *Business Wire* on September 9, 2011.  *See* Brower Decl., Exhibit D.[6]  This notice indicated that applications for appointment as

---

[6] *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service."  *See*

Lead Plaintiff were to be made no later than 60 days from the date of the press release, which would be November 8, 2011. Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as Lead Plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4(a)(3)(A) and (B); 15 U.S.C. §77z-1(a)(3)(A) and (B).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class members. *See* 15 U.S.C. §78u-4(a)(3)(B)(i); 15 U.S.C. §77z-1(a)(3)(B)(i). In making this determination, the statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . . .
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); 15 U.S.C. §77z-1(a)(3)(B)(iii)(I).

    **B.**    **The Sequans Investor Group Is "The Most Adequate Plaintiff"**

        **1.**    **The Sequans Investor Group Has Complied With The PSLRA And Should Be Appointed Lead Plaintiff**

The Sequans Investor Group moves this Court to be appointed Lead Plaintiff and has

---

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, No. 02-8264, 2004 U.S. Dist. LEXIS 9571, at *20 (S.D.N.Y. May 27, 2004); *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

timely filed the instant Motion to be appointed Lead Plaintiff within the 60-day time period requirement. The plaintiff in the first-filed action published notice on *Business Wire*, a national business-oriented wire service, on September 9, 2011. Accordingly, the Sequans Investor Group meets the requirements of 15 U.S.C. §78u-4(a)(3)(A) and (B) and 15 U.S.C. §77z-1(a)(3)(A) and (B) and has filed its motion by November 8, 2011.

Moreover, the Sequans Investor Group has the largest known financial interest in the relief sought by the Class. Further, the members of the Sequans Investor Group have shown their willingness to represent the Class by signing sworn Certifications detailing their investments in Sequans during the Class Period and confirming their willingness to discharge the obligations of class representatives in these Actions. *See* Brower Decl., Exhibit A. Additionally, each member of the Sequans Investor Group has signed a Declaration (*see* Brower Decl., Exhibit C) demonstrating that they intend to consult with counsel on a regular basis and direct their counsel and the course of the litigation.

Small cohesive groups like the Sequans Investor Group have routinely been appointed as Lead Plaintiff in securities class actions, when they have shown the Court their ability to effectively manage the litigation. *Weltz*, 199 F.R.D. at 133; *see also Schulman v. Lumenis, Ltd.*, 02-1989, 2003 U.S. Dist. LEXIS 10348, at *21-*22 (S.D.N.Y. June 18, 2003); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 44-46 (S.D.N.Y. 1998) (allowing three lead plaintiffs and holding that "the plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff"). As one court has succinctly explained regarding an appropriate "group" under the PSLRA:

> This Court does not find it appropriate to limit aggregation when the PSLRA specifically allows for a group of persons to serve as lead plaintiff. There is no requirement contained in the PSLRA that the group of persons serving as lead plaintiff have a relationship among themselves. Instead, the PSLRA focuses on

>whether the person or group that is the proposed lead plaintiff can fairly and adequately serve as the lead plaintiff. Following the PSLRA, this Court focuses not on the composition of the [] group, but rather on whether the group is adequate to serve as lead plaintiff.

*Newman v. Eagle Building Tech.,* 209 F.R.D. 499, 503 (S.D. Fla. 2002). Thus, to determine whether a putative "group" meets the definition of a "group" under the PSLRA, the court's "singular focus will be whether the asserted group has demonstrated the ability to effectively manage the litigation in the interests of the class and direct the litigation without undue influence of counsel." *In re Versata, Inc. Sec. Litig.*, No. 01-1439, 2001 U.S. Dist. LEXIS 24270, at *21-*22 (N.D. Cal. Aug. 20, 2001). Therefore, the Sequans Investor Group should be appointed Lead Plaintiff in these Actions.

In addition, the Sequans Investor Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm resume of proposed Lead Counsel, Brower Piven, is attached as Exhibit E to the Brower Declaration.

### 2. The Sequans Investor Group Has The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii) and 15 U.S.C. §77z-1(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant who has the largest financial interest in the relief sought by the action. As demonstrated herein, the Sequans Investor Group, with losses of approximately $249,106.53, has the largest known financial interest in the relief sought by the Class. *See* Brower Decl., Exhibit B.

### 3. The Sequans Investor Group Satisfies The Requirements Of Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii) and 15 U.S.C. §77z-1(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil

Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for class certification. *See Oxford*, 182 F.R.D. at 49 (holding that typicality and adequacy are the only relevant prerequisites to Lead Plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004); *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) ("In fact, a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.") (citation omitted).

As detailed below, the Sequans Investor Group satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff. The Sequans Investor Group has claims that are typical of those of other Class members and can adequately serve as Lead Plaintiff.

### i. The Sequans Investor Group's Claims Are Typical Of The Claims Of All The Class Members

The Sequans Investor Group has claims that are typical of those of other Class members. Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are

"typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members or when the claims are based on the same legal theory. *See In re Drexel Burnham Lambert Group*, 960 F.2d 285, 291 (2d Cir. 1992). The requirement that a proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Daniels v. City of N.Y.*, 198 F.R.D. 409, 418 (S.D.N.Y. 2001) (citing *Wilder v. Bernstein*, 499 F. Supp. 980, 922 (S.D.N.Y. 1980)); *see also Ferrari v. Impath*, No. 03-5667, 2004 U.S. Dist. LEXIS 13898, at *18 (S.D.N.Y. July 15, 2004).

In this case, the typicality requirement is met because the claims of the members of the Sequans Investor Group are identical to and non-competing and non-conflicting with the claims of the other Class members. The Sequans Investor Group and all of the Class members purchased the Company's securities and suffered damages as a result of these purchases due to Defendants' misrepresentations and omissions. Therefore, the Sequans Investor Group's claims and injuries "arise from the same conduct from which the other class members' claims and injuries arise." *Oxford Health*, 182 F.R.D. at 50. The Sequans Investor Group is not subject to any unique or special defenses. Thus, the Sequans Investor Group meets the typicality requirement of Rule 23 because its claims are the same as the claims of the other Class members.

        **ii.    The Sequans Investor Group Will Adequately Represent The Class**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the

movant and other members of the Class.  *See* 15 U.S.C. §78u-4(a)(3)(B); 15 U.S.C. §77z1(a)(3)(B)

The Sequans Investor Group's interests are clearly aligned to those of the other members of the Class.  Not only is there no evidence of antagonism between the members of the Sequans Investor Group and the other Class members, but the members of the Sequans Investor Group have a significant, compelling interest in prosecuting the Actions to a successful conclusion based upon the very large financial losses each of its members has suffered as a result of the wrongful conduct alleged in the Actions.  This motivation, combined with the Sequans Investor Group's identical interest with the members of the Class, demonstrates that the Sequans Investor Group will vigorously pursue the interests of the Class.  In addition, the Sequans Investor Group has selected a law firm to represent the Class that is highly experienced in prosecuting securities class actions.

In sum, because of Sequans Investor Group's common interests with the Class members, its clear motivation and ability to vigorously pursue these Actions, and its competent counsel, the adequacy requirement of Rule 23(a)(3) and (4) are met.  Therefore, because the Sequans Investor Group not only meets both the typicality and adequacy requirements of Rule 23(a) and has sustained the largest amount of losses from Defendants' alleged wrongdoing, the Sequans Investor Group is the presumptive Lead Plaintiff in accordance with 15 U.S.C. §78u-4(a)(3)(B)(iii)(I) and 15 U.S.C. §77z-1(a)(3)(B)(iii)(I), and it should be appointed as such to lead these Actions.

### III.   THE COURT SHOULD APPROVE THE SEQUANS INVESTOR GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v); 15 U.S.C. §77z-

1(a)(3)(B)(v).  Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to "protect the interests of the class."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); 15 U.S.C. §77-z(a)(3)(B)(iii)(II)(aa).

The Sequans Investor Group has selected Brower Piven to serve as Lead Counsel for the Class.  The firm has not only prosecuted complex securities fraud actions, but have also successfully prosecuted many other types of complex class actions as lead and/or class counsel. *See* Brower Decl., Exhibit E.  This Court may be assured that in the event the Sequans Investor Group's Motion is granted, the members of the Class will receive the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Sequans Investor Group respectfully requests that this Court enter an order: (1) consolidating all related Actions; (2) appointing the Sequans Investor Group to serve as Lead Plaintiff in these Actions; (3) approving the Sequans Investor Group's selection of Lead Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

Dated: November 8, 2011

Respectfully submitted,

**BROWER PIVEN**
  A Professional Corporation

*/s/ David A.P. Brower*
David A.P. Brower
Brian C. Kerr
488 Madison Avenue, Eighth Floor
New York, New York 10022
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300

*Counsel for the Sequans Investor Group and Proposed Lead Counsel for the Class*

12