UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
DONALD DEAN JOHNSON,                                         :  Civil Action No. 1:11-cv-06341-PAC
                                                             :
                              Plaintiff,                     :  **MEMORANDUM OF LAW IN SUPPORT**
                                                             :  **OF JAMES BEAM'S MOTION FOR**
         v.                                                  :  **CONSOLIDATION, APPOINTMENT AS**
                                                             :  **LEAD PLAINTIFF, AND APPROVAL OF**
SEQUANS COMMUNICATIONS S.A., DR.                             :  **SELECTION OF COUNSEL**
GEORGES KARAM, DEBORAH CHOATE,                               :
MICHAEL ELIAS, JAMES PATTERSON,                              :
DAVID ONG, HUBERT DE PESQUIDOUX,                             :
DOMINIQUE PITTELOUD, ALOK                                    :
SHARMA, ZVI SLONIMSKY, T. CRAIG                              :
MILLER, UBS LIMITED, and JEFFERIES &                         :
COMPANY, INC.,                                               :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ x

NORMAN C. CAREY, Individually and On                         :  Civil Action No. 1:11-cv-07555-PAC
Behalf of All Others Similarly Situated,                     :
                                                             :
                              Plaintiff,                     :
                                                             :
         v.                                                  :
                                                             :
SEQUANS COMMUNICATIONS S.A., DR.                             :
GEORGES KARAM, DEBORAH CHOATE,                               :
MICHAEL ELIAS, JAMES PATTERSON,                              :
DAVID ONG, HUBERT DE PESQUIDOUX,                             :
DOMINIQUE PITTELOUD, ALOK                                    :
SHARMA, ZVI SLONIMSKY, T. CRAIG                              :
MILLER, UBS LIMITED, and JEFFERIES &                         :
COMPANY, INC.,                                               :
                                                             :
                              Defendants.                    :
------------------------------------------------------------ x

Movant James Beam ("Beam") respectfully submits this memorandum of law in support of his motion for: (i) consolidation of the related actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; (ii) appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4; and (iii) approval of his selection of Robbins Umeda LLP ("Robbins Umeda") as lead counsel and the Law Offices of Thomas G. Amon as liaison counsel for the class.

## I.   INTRODUCTION

Presently pending in this district are two securities class action lawsuits (the "Actions") on behalf of purchasers of Sequans Communications S.A. ("Sequans" or the "Company") securities during the period between April 15, 2011 and July 27, 2011 (the "Class Period"). These Actions are brought pursuant to sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("Securities Act"), sections l0(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.l0b-5. In particular, the actions are:

| **Case** | **Class Period** | **Security** | **Date Filed** |
| --- | --- | --- | --- |
| *Johnson v. Sequans Communications S.A., et al.* | 05/15/11-07/27/11 | American Depository Shares ("ADS") | 09/09/11 |
| *Carey v. Sequans Communications S.A., et al.* | 05/15/11-07/27/11 | ADS | 10/25/11 |

In securities class actions, the PLSRA requires district courts to resolve consolidation prior to appointing a lead plaintiff. *See* 15 U.S.C. §78u-4 (a)(3)(B)(ii). Here, the Actions should be consolidated because they each involve substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a); *infra* section III.A.

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions." *See* 15 U.S.C. §78u-4 (a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members…." 15

U.S.C. §78u-4 (a)(3)(B)(i).  Beam should be appointed as lead plaintiff because he: (i) timely filed this motion; (ii) has the requisite financial interest in the relief sought by the Class; and (iii) will fairly and adequately represent the interests of the Class.  *See* 15 U.S.C. §78u-4 (a)(3)(B)(iii)(I).  In addition, Beam's selection of Robbins Umeda as lead counsel and the Law Offices of Thomas G. Amon as liaison counsel for the class should be approved.  *See* 15 U.S.C. §78u-4 (a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Defendant Sequans is a designer, developer, and supplier of 4G semiconductor solutions for wireless broadband.  The Company is based in Paris, France, with additional offices throughout the world, including the United States.  The Individual Defendants are officers and directors of Sequans: Dr. Georges Karam, Deborah Choate, Michael Elias, James Patterson, David Ong, Hubert de Pesquidoux, Dominique Pitteloud, Alok Sharma, Zvi Slonimsky, and T. Craig Miller.  In addition, defendants UBS Limited and Jefferies & Company, Inc. are included in this action as they served as the lead underwriters for the initial public offering ("IPO") involved in the alleged fraud.

In connection with the Company's IPO on or about April 14, 2011, the Company failed to disclose in its Registration Statement that: (i) the Company's revenues from its WiMAX products were declining; (ii) the Company was not in a position to generate any meaningful revenues from sales of 4G LTE; (iii) the Company's largest customer, HTC Corporation ("HTC"), and the industry in general, was focusing on 4G LTE offerings as opposed to WiMAX offerings, including WiMAX products offered by the Company; (iv) the Company, instead of experiencing sales growth during 2011, would in fact experience sales declines during the period; (v) the Company was becoming increasingly more dependent upon sales from its largest customer, HTC, and sales from that customer declined and would continue to decline; and (vi) as a result of the above, the Company's financial statements were materially false and misleading at all relevant times.

On July 28, 2011, the true condition of the Company's business health emerged as Sequans disclosed disappointing financial results for the second quarter ended June 30, 2011.  For the quarter, the Company only reported a net profit of $1.9 million or $0.07 per diluted ADS in the first quarter of 2011, and a net profit of $0.6 million or $0.02 per diluted ADS in the second quarter of 2010.

Moreover, the Company disclosed a disappointing outlook for the third quarter of 2011, where it expected revenue to be in the range of only $25 - $28 million.

As a result of the disclosures, Sequans ADS declined $6.88 or more than 44.5% on July 28, 2011, to close at $8.55.

## III.   ARGUMENT

### A.   The Actions Should Be Consolidated for All Purposes

"If actions before the court involve a common question of law or fact the court may … consolidate the actions…." Fed. R. Civ. P. 42(a).  Here, both of the Actions assert securities claims on behalf of purchasers of Sequans ADS during similar class periods.[1]  Each of the Actions name the Company, certain of its officers and/or directors, and the underwriters as defendants and involve similar factual and legal issues, namely, whether plaintiffs purchased Sequans ADS at artificially inflated prices as a result of defendants' allegedly false and misleading statements, and whether defendants' conduct violates the securities laws.  Thus, the Actions should be consolidated.  *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990) ("In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation.").

### B.   Beam Satisfies the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

The next step after consolidation is the Court's appointment of a lead plaintiff.  The PSLRA establishes the procedure that governs the appointment of a lead plaintiff in a private action arising under the Exchange Act that is brought as a class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4 (a)(I)-(3)(B)(i).

---

[1] "[N]either the fact that two actions' factual allegations are not identical nor that the actions have slightly differing class periods is enough to defeat consolidation." *Linn v. Allied Irish Banks, PLC*, No. 02-CV-1738, 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004) (citations omitted).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of the following: (i) the pendency of the action; (ii) the claims asserted therein; (iii) the purported class period; and (iv) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §78u-4 (a)(3)(A)(i). Here, the relevant notice was published on *Business Wire* on September 9, 2011. *See* Declaration of Thomas G. Amon in Support of James Beam's Motion for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Counsel ("Amon Decl."), Ex. A. Within sixty days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §78u-4 (a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4 (a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is:

> the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice ... ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4 (a)(3)(B)(iii).

### 1.      Beam Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by November 8, 2011. *See* 15 U.S.C. §78u-4 (a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame following the publication of the requisite notice, Beam hereby moves this Court for appointment as lead plaintiff on behalf of all

members of the class. Beam has also duly signed and filed a certification stating his willingness to serve as a representative party on behalf of the class. *See* Amon Decl., Ex. B.

### 2. Beam Has the Requisite Financial Interest in the Relief Sought by the Class

Pursuant to 15 U.S.C. §78u-4 (a)(3)(B)(iii), the Court shall appoint as lead plaintiff the movant or movants who have the largest financial interest in the class action. During the Class Period, Beam purchased substantial amounts of Sequans ADS and lost in excess of $73,000 due to defendants' misconduct. *See* Amon Decl., Exs. B and C. To the best of Beam's knowledge, his financial interest in this matter is the largest of any competing lead plaintiff movant. Accordingly, Beam should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3. Beam Satisfies the Requirements of Rule 23

According to 15 U.S.C. §78u-4 (a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied: (i) the class is so numerous that joinder of all members is impracticable; (ii) there are questions of law or fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two—typicality and adequacy—directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court focuses primarily on the typicality and adequacy of representation requirements, and only a preliminary showing is necessary. *Linn*, 2004 WL 2813133, at *4.

#### a. Typicality

"The typicality requirement is satisfied when the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Id.* at *5

(citations omitted). Beam satisfies this requirement because, just like all other proposed Class members, he purchased Sequans ADS during the Class Period in reliance upon the false and misleading statements issued by defendants and suffered damages thereby, as did the other members of the putative Class. *Id.* Thus, Beam's claims "arise from the same factual predicate" as those of the other Class members and the Court should find that Beam "satisfies Rule 23's typicality requirement." *Id.*

### b. Adequacy

"The adequacy requirement is satisfied if (1) the class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the interests of the class members are not antagonistic to one another; and (3) the lead plaintiff has a sufficient interest in the outcome to ensure vigorous advocacy." *Id.* (citations omitted). Beam also satisfies the adequacy requirement. Here, Beam is an adequate lead plaintiff because his interest in aggressively pursuing the claims against defendants is aligned with the interests of the members of the class who were similarly harmed as a result of defendants' false and misleading statements. There is no antagonism between Beam's interests and those of the other members of the class and there is nothing to indicate that Beam will do anything but vigorously pursue the claims on behalf of the class. Further, as demonstrated below, Beam's proposed counsel is qualified, experienced, and able to conduct this complex litigation in an efficient, effective, and professional manner. Lastly, Beam is not subject to unique defenses and there is no evidence that Beam "seeks anything other than the 'greatest recovery for the class consistent with the merits of the claims.'" *Id.* (citations omitted).

Accordingly, Beam satisfies Rule 23's typicality and adequacy requirements for the purposes of this Motion.

### C. Beam's Selection of Lead and Liaison Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4 (a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Beam, as the presumptively most adequate plaintiff, has selected Robbins Umeda to serve as lead counsel for the class. Robbins Umeda possesses substantial shareholder litigation experience, including the successful prosecution of securities fraud class actions on behalf of injured investors. *See* Amon Decl., Ex. D. The Law Offices of Thomas G. Amon has served as liaison counsel in previous securities and complex shareholder actions, and is capable of doing so here. As such, the Court should approve Beam's selection of Robbins Umeda as lead counsel and the Law Offices of Thomas G. Amon as liaison counsel for the class.

### IV. CONCLUSION

The two related securities fraud actions before the Court are substantially similar and should be consolidated. In addition, Beam has satisfied each of the PLSRA's requirements for appointment as lead plaintiff. As such, Beam respectfully requests that the Court consolidate the actions, appoint him as lead plaintiff, approve his selection of Robbins Umeda as lead counsel and the Law Offices of Thomas G. Amon as liaison counsel for the class, and grant such other relief as the Court may deem just and proper.

Dated: November 8, 2011                                LAW OFFICES OF THOMAS G. AMON

                                                                              /s/Thomas G. Amon
                                                                     THOMAS G. AMON

                                                       250 West 57th Street, Suite 1316
                                                       New York, NY 10107
                                                       Telephone: (212) 810-2430
                                                       Facsimile: (212) 810-242730
                                                       E-mail: tgamon@gmail.com

                                                       *[Proposed] Liaison Counsel for Plaintiffs*

                                                       ROBBINS UMEDA LLP
                                                       BRIAN J. ROBBINS
                                                       GREGORY E. DEL GAZIO
                                                       KEVIN S. KIM
                                                       600 B Street, Suite 1900
                                                       San Diego, CA 92101

Telephone: (619) 525-3990
Facsimile: (619) 525-3991
E-mail:  brobbins@robbinsumeda.com
        gdelgaizo@ robbinsumeda.com
        kkim@robbinsumeda.com

*[Proposed] Lead Counsel for Plaintiffs*

- 8 -

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Court's electronic mail notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed November 8, 2011.


s/Thomas G. Amon
THOMAS G. AMON